IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 21, 2026

## STATE OF TENNESSEE v. KENYON DEMARIO REYNOLDS

**Appeal from the Criminal Court for Knox County**
No. 106800B        G. Scott Green, Judge

_____

### No. E2025-00220-CCA-R3-CD

_____

The Defendant, Kenyon Demario Reynolds, appeals from the judgment of the Knox County Criminal Court denying his motion to correct an illegal sentence. The Defendant argues that the trial court erred by summarily ordering a corrected judgment instead of holding a new sentencing hearing to resentence him to a legal sentence. Because the Defendant fails to state a colorable claim for Rule 36.1 relief, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., J., joined. STEVEN W. SWORD, J., not participating.

Jackson M. Fenner, Knoxville, Tennessee, for the appellant, Kenyon Demario Reynolds.

Jonathan Skrmetti, Attorney General and Reporter; Park Huff, Assistant Attorney General; Charme P. Allen, District Attorney General; and Jodie Bush, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

In 2018, the Defendant was convicted by a Knox County Criminal Court jury of second degree murder and multiple drug and firearm-related offenses, including count twelve, possession of a firearm with the intent to go armed during an attempt to commit a dangerous felony and with a prior felony conviction. *State v. Reynolds*, No. E2021-00066-CCA-R3-CD, 2022 WL 1741266, at *1, 5 (Tenn. Crim. App. May 31, 2022). The parties stipulated at trial that the Defendant had a prior dangerous felony conviction, a prior felony

conviction that involved the use of force, and a prior felony conviction involving drugs. *Id.* at *4. The trial court imposed an effective sentence of thirty-seven years in the Tennessee Department of Correction, which included a twelve-year sentence for count twelve. For that count, the career box is checked on the offender status portion of the judgment form and "Mult 39-17-1324(j) 100%" under the release eligibility portion. The special conditions box contains the following language: "Defendant . . . is hereby sentenced to serve 12 years in the Tennessee Department of Correction[] as a Range IV, career offender. Pursuant to 39-17-1324, Defendant will serve the first 5 years of the 12 year sentence at 100% service rate and will serve 60% of the remaining 7 years on this 12-year sentence."

On May 22, 2024, the Defendant filed a pro se motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. The Defendant asserted that his sentence in count twelve was illegal because he had no prior convictions under Tennessee Code Annotated section 39-17-1324, and subsection (j) of the statute applies only when a defendant has a prior conviction under Tennessee Code Annotated section 39-17-1324. In its response, the State argued that the incorrect box checked on the judgment form was a clerical error and that the Defendant was correctly sentenced to twelve years as a career offender, with the first five years at 100% due to the Defendant's having prior qualifying felony convictions. The State, therefore, requested that the trial court grant relief only to the extent of entering a corrected judgment.

Following the appointment of counsel, a hearing on the motion was held on January 16, 2025, at which the Defendant argued that his sentence for count twelve should be the minimum sentence of three years. The trial court noted that the Defendant "had multiple prior felony convictions" at the time of the offense and was subject to a mandatory minimum sentence of five years at 100% under subsection (g)(2) of the statute. The trial court also noted that the sentence could legally be enhanced beyond the mandatory five-year minimum sentence. The trial court, therefore, agreed with the State that the sentence was valid but that a corrected judgment should be entered to reflect the correct subsection under which the sentence had been imposed. Thereafter, the Defendant filed a timely notice of appeal to this court.

## ANALYSIS

Rule 36.1 provides "a mechanism for the defendant or the State to seek to correct an illegal sentence." *State v. Brown*, 479 S.W.3d 200, 208-09 (Tenn. 2015). An illegal sentence is "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). When a defendant files a motion under Rule 36.1, the trial court must determine whether the motion "states a colorable claim that the unexpired sentence is illegal[.]" Tenn. R. Crim. P. 36.1(b)(3).

Whether a motion "states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *State v. Wooden*, 478 S.W.3d 585, 589 (Tenn. 2015). In the context of Rule 36.1, a colorable claim is a claim that, "if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id.* at 593. Our supreme court has classified the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal), and fatal errors (those so profound as to render a sentence illegal and void). *Id.* at 594-95. Fatal errors are "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* Only fatal errors render sentences illegal. *Id.* Unlike fatal errors, when "a trial court fails, by reason of clerical mistake, oversight, or omission, to record a defendant's sentence accurately on a judgment," the trial court maintains authority to correct the clerical error at any time. Tenn. R. Crim. P. 36; *Brown*, 479 S.W.3d at 213.

The trial court found that the Defendant's conviction in count twelve was based on his violation of Tennessee Code Annotated section 39-17-1324(a), which provides that it is an offense to possess a firearm or antique firearm with the intent to go armed during the commission of or attempt to commit a dangerous felony. Tenn. Code Ann. § 39-17-1324 (a). A violation of subsection 39-17-1324(a) is punishable by a mandatory minimum three-year sentence at 100% unless, at the time of the offense, a defendant has a prior felony conviction, in which case the violation is punishable by a mandatory minimum five-year sentence at 100%. *Id.* § 39-17-1324 (e)(2), (g)(1), (2). However, the original judgment marked Subsection (j), which provides that a defendant convicted under the statute who has a prior conviction under the statute shall serve a sentence of not less than fifteen years at 100%. *Id.* § 39-17-1324 (j). The court found that the marking of Subsection (j) was in error and it corrected the clerical mistake in the judgment by marking subsection "39-17-1324(a), (b) 100%." *See* Tenn. R. Crim. P. 36.

We agree with the trial court and the State that the sentence was valid and that the only error in the judgment is a clerical error with respect to the subsection of the statute under which the Defendant's sentence was imposed. Accordingly, we affirm the denial of the Defendant's motion for correction of an illegal sentence pursuant to Rule 36.1 for his failure to state a colorable claim.

## CONCLUSION

Based on our review, we conclude that the trial court properly denied the Defendant's motion for Rule 36.1 relief. We, therefore, affirm the judgment of the trial court.

s/ John W. Campbell
JOHN W. CAMPBELL, SR., JUDGE